IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE FERNANDO MARTINEZ-HERNANDEZ, ID # 25959-480, Plaintiff, | § § § § § | |
| v. | § § | No. 3:25-CV-3027-K-BW |
| UNKNOWN SUPERVISOR of Dallas County Jail, Defendant. | § § § § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The undersigned magistrate judge recommends that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) based on Plaintiff's failure to prosecute and follow court orders.

## I.   BACKGROUND

On November 6, 2025, the Court received a Prisoner's Civil Rights Complaint from Plaintiff Jose Fernando Martinez-Hernandez, a federal inmate proceeding pro se in this action.  (*See* Dkt. No. 3.)  Martinez-Hernandez filed a motion to proceed in forma pauperis ("IFP"), which the undersigned magistrate judge granted.  (*See* Dkt. Nos. 4, 6.)  Even so, because Martinez-Hernandez was incarcerated when he filed the complaint, the undesigned informed him of his obligation to pay the applicable filing fees in installments and provided for the agency having custody of Martinez-

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred to the undersigned magistrate judge for full case management.

Hernandez to make payments from his trust account.  (*See* Dkt. No. 6 at 1-2.)  The order also provided for process to be withheld pending the completion of judicial screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.  (*See id.* at 2.)

On February 9, 2026, Martinez-Hernandez filed a notice of change of address notifying the Court of his new free-world address, and a search of available online records further confirmed that Martinez-Hernandez was no longer in federal custody.  (*See* Dkt. No. 8); *See* BOP Inmate Locator, *available at* https://www.bop.gov/inmateloc/ (last visited June 26, 2026).  By order dated May 19, 2026, the Court informed Martinez-Hernandez that he remained obligated to pay the remaining balance of the applicable $350 filing fee despite his release from incarceration.  (*See* Dkt. No. 9.)  The May 19 order therefore directed Martinez-Hernandez to pay his remaining filing fee balance of $340.67 by June 16, 2026.  (*See id.* at 2.)  It also warned him that failure to comply could result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

Martinez-Hernandez's deadline to comply with the May 19 order has passed, and he has not paid the remaining balance of his filing fee or filed anything else in response.  Additionally, the Court's May 19 order that was sent to the free-world address provided by Martinez-Hernandez has been returned undelivered.  (*See* Dkt. No. 10.)  Martinez-Hernandez has not provided an updated address.

## II.  LEGAL STANDARDS AND ANALYSIS

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court

order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

Martinez-Hernandez's failure to pay the remaining balance of his filing fee prevents this case from progressing.  Additionally, because Martinez-Hernandez has not provided the Court with an updated address, the Court is unable to provide any additional notice to him or otherwise advance this case.  For these reasons, this action should be dismissed without prejudice under Rule 41(b).

## III.  RECOMMENDATION

The Court should dismiss this case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and follow court orders.

**SO RECOMMENDED** on June 29, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

3

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

4